UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

MATTHEW F. KRUPP,

                                  Plaintiff,

     v.                                                    5:14-CV-525
                                                                       (GTS/ATB)

DONALD E. TODD, Individually, and
Acting Family Court Judge of Oswego County,

                                  Defendant.
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

MATTHEW F. KRUPP
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

     The Clerk has sent to the court a civil rights complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, Matthew F. Krupp. (Dkt. Nos. 1, 2). Plaintiff also alleges that the complaint is brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

**I.    IFP Application**

     A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially eligible for IFP status.

     In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

2

## II. **Complaint**

In this civil rights complaint, plaintiff alleges that the defendant Judge Todd violated plaintiff's constitutional and statutory rights in relation to a proceeding that was before him as Acting Family Court Judge in Oswego County. (Compl. ¶¶ 6-14) (Dkt. No. 1). The complaint details a proceeding before Judge Todd that began on August 28, 2013. Plaintiff claims that on August 28, 2013, plaintiff's "adversaries" attorney submitted the "current custody order" to the court. (Compl. ¶ 8). The order was entered by the Court Attorney, fully taking into account plaintiff's disability and inability to safely transport his child at certain times. (*Id.*) Plaintiff states that he testified to his various disabilities while on the witness stand. (*Id.* ¶ 9). Plaintiff alleges that he told the judge that he had been awarded Social Security Disability benefits and was considered "disabled" by the Federal Government. (*Id.*)

Plaintiff states that on February 5, 2014, Judge Todd issued his custody decision, and recognized that plaintiff was disabled. (*Id.* ¶ 11). However, plaintiff states that "without further explanation," on page ten of the decision, Judge Todd admonished plaintiff that any further violations of Court orders could result in "a fine, imprisonment, or other sanction." (*Id.* ¶ 12). Plaintiff then claims that the judge "completely disregarded the 14th amendment to the US Constitution," ignoring due process and equal protection by ordering plaintiff to drive the child to "every exchange." (*Id.* ¶ 13). The "exchanges" were all in the dark in the winter months, when plaintiff was unable to drive. Thus, plaintiff was deprived of his visitation in "an arbitrary manner when other arrangements facilitating such visitation could be

fashioned. No accomodation [sic] is made for Plaintiff's condition in depriving him of parental visitation." (*Id.*)

Plaintiff claims that when his attorney received the order, he attempted to obtain clarification from the defendant, but the judge "purposely left the Plaintiff without relief and direction in the Order regarding this issue." (*Id.* ¶ 14). Plaintiff then alleges that a nighttime snowstorm prevented him from returning the child one evening, and the mother of the child came to get the child the next day, after filing a violation proceeding in Family Court. (*Id.* ¶ 15). Plaintiff states that he appeared before the judge on March 20, 2014 and denied violating the custody order, but the defendant threatened plaintiff with "the possibility of 6 months in jail and/or monetary fine." The matter is still pending before the court, and plaintiff states that his next appearance has been scheduled for May 8, 2014. (*Id.* ¶ 17).[1] Plaintiff asserts that he is being forced to violate New York State criminal law under the defendant's order. (*Id.* ¶ 18).

The complaint contains two causes of action. First, plaintiff alleges that the defendant violated plaintiff's due process rights when he "ignored uncontested testimony, evidence, and facts" indicating that plaintiff was disabled. Plaintiff states that these facts were established in prior custody orders. Plaintiff's second cause of action alleges that he has been denied "equal protection" and that the defendant's order has violated the ADA in various ways: by forcing plaintiff to perform actions that are beyond his physical abilities; by essentially putting plaintiff in the control of a

---

[1] Plaintiff has omitted a paragraph 16 in the complaint.

"third party," who the judge himself said was "unwilling and unable to co-parent;" by leaving plaintiff with no choice but to risk his, his child's, and the public's safety; by threatening plaintiff with fine or imprisonment if he fails to comply with the order; by ignoring plaintiff's and his attorney's requests for relief from the order; and by "putting plaintiff at risk for prosecution in criminal court if he is ever pulled over while driving against restrictions or is involved in an accident." (Compl. at 5-6).

Plaintiff seeks injunctive relief, "voiding" the defendants current order and "conducting a new trial in the proper venue." He also seeks declaratory and injunctive relief, prohibiting Judge Todd from ever presiding over any further proceedings with plaintiff. He seeks declaratory relief and the costs of this action.

## III. Judicial Immunity

### A. Legal Standards

With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity has been created for the public interest in having judges who are "at liberty to exercise their functions with independence and without fear of consequences." *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004). Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Judicial immunity is immunity from suit, not just immunity from the assessment of damages. *Mireles*, 502 U.S. at 11 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). The only two circumstances in which judicial immunity does

not apply is when he or she takes action "outside" his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 11-12.

**B.    Application**

Plaintiff in this case is suing Judge Todd for actions taken while presiding over a case in his court. The actions that plaintiff complains about were taken within the judge's jurisdiction, regardless of whether plaintiff claims that the actions were biased, in violation of court rules or statutes, or even corrupt. There is no indication that any of Judge Todd's actions were taken in "absence" of jurisdiction as opposed to in "excess" of jurisdiction. Plaintiff claims that the judge issued a custody order and did not take plaintiff's disability into consideration. Plaintiff cannot avoid judicial immunity by claiming that the custody order violated the ADA because it made no accommodation for plaintiff's inability to drive at certain times of the day. Thus, Judge Todd is entitled to judicial immunity.

Although the Supreme Court in *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984) held that judicial immunity did not bar a claim for prospective injunctive relief against a judicial officer acting in her judicial capacity, Congress has since statutorily provided for such immunity by amending section 1983 to provide that in "any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983, as amended by Federal Courts Improvement Act of 1996, § 309(c), Pub.L. No. 104–317, 110 Stat. 3847, 3853

(1996).

In this case, plaintiff does not allege that any declaratory relief was unavailable in state court, and generally, declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order. *Ashmore v. Prus*, No. 13-CV-2796, 2013 WL 3149458, at *4 (E.D.N.Y. June 19, 2013) (citing *LeDuc v. Tilley*, No. 05–CV–157, 2005 WL 1475334, at *7 (D.Conn. June 22, 2005) (citing cases)). Plaintiff's family court proceeding is still pending, and he has an appearance in the near future. If plaintiff does not agree with the judge's custody orders, there are ways to challenge those orders in state court. *See e.g. Flynn-Stallmer v. Stallmer*, 167 A.D.2d 575, 563 N.Y.S.2d 207 (3d Dep't 1990) (appeal challenging Family Court custody determination and denying a petition seeking a declaration that the family court judge improperly denied a motion seeking his disqualification or recusal).

The doctrine of judicial immunity does not shield judges from claims for "prospective declaratory relief." *LeDuc*, 2005 WL 1475334, at *7. In this case, plaintiff's request for declaratory relief is purely retrospective. Plaintiff states that he is asking for "Declaratory relief as the court deems appropriate and just." (Compl. at 6). However, plaintiff's first request is that this court "void" the judge's current order and conduct a new trial in the proper venue. That is not "prospective" declaratory relief, and it is unclear whether plaintiff is asking that a new Family Court Judge conduct a trial or whether he is asking that a Federal Court judge conduct the trial. Plaintiff's request is intertwined with asking the court to declare that a past

constitutional or statutory violation has occurred. "'[C]laims for judgment declaring that [a defendant's] past conduct violated federal law are retroactive in nature, and thus, barred by the doctrine of absolute immunity.'" *La Scalia v. Driscoll*, No. 10-CV-5007, 2012 WL 1041456, at *7-8 (E.D.N.Y. Mar. 26, 2012) (quoting *B.D.S. v. Southold Union Free School Dist.,* Nos. CV–08–1319, CV–08–1864, 2009 WL 1875942, at *20 (E.D.N.Y. June 24, 2009) (citing *Boyland v. Wing*, 487 F. Supp. 2d 161, 180 (E.D.N.Y.2007)). The court is not obliged to entertain actions for declaratory judgment that are not seeking prospective relief, but merely declaring past wrongs. *LeDuc*, 2005 WL 1475334, at *7. Thus, plaintiff's request for "declaratory" relief may be dismissed.

## IV. Abstention

### A. Legal Standards

Pursuant to *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the District Court is without jurisdiction under the abstention doctrine if there is an ongoing state proceeding; where an important state interest is implicated; and the plaintiff has an avenue open for review of constitutional claims in state court. *See Parent v. New York*, 485 F. App'x 500, 503 (2d Cir. 2012) (quoting *Younger, supra*; *Liberty Mut. Ins. Co. v. Hurlbut*, 585 F.3d 639, 647 (2d Cir. 1997)). The *Younger* doctrine originally applied only to criminal proceedings, but is now applicable to civil actions as well, including state administrative proceedings. *Id.* (citations omitted). The doctrine also applies to claims for declaratory and injunctive relief. *Id.*

### B. Application

The court notes that the plaintiff's case is still pending in Family Court, in fact, he states he has another appearance before Judge Todd on May 8, 2014. Thus, there is an ongoing state court proceeding, and the first criterion in the abstention analysis is met. This court cannot "void" Judge Todd's order.

With respect to the second factor, it has been held that the "resolution of domestic matters has been recognized as an important state interest." *Parent*, 485 F. App'x at 503-504 (citing *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004) ("'[T]he whole subject of the domestic relations of husband and wife, parent and child belongs to the laws of the States and not to the laws of the United States.'")). The case also involves matters challenging the constitutionality of the judge's actions. It has been held that "few interests can be considered more central than a state's interest in regulating its own judicial system." *Spargo v. New York State Com'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003) (citing *Landmark Communications, Inc. v. Virginia*, 435 U.S. 829, 848 (1978)). Because this case involves custody matters, domestic relations, and the conduct of a state court judge in the course of exercising his jurisdiction, the case falls within the area of important state interest. Thus, the second factor also weighs in favor of abstention.

Finally, plaintiff has failed to show that there is no avenue for any constitutional claims in state court. Plaintiff would have to demonstrate that state law bars the effective consideration of his constitutional claims. *Spargo*, 351 F.3d at 78. The relevant question is whether the state's procedural remedies *could* provide the relief

sought, not whether they *will* provide the constitutional ruling that plaintiff seeks. *Id.* at 79. Simply because a state court has not ruled in plaintiff's favor does not render the remedy inadequate for purposes of the abstention doctrine. *Parent*, 485 F. App'x at 504. Thus, this court has no jurisdiction to hear any of the custody matters asserted by plaintiff.

To the extent that the complaint may be interpreted as alleging that Judge Todd engaged in some sort of misconduct, the State of New York provides a mechanism to file complaints against state court judges. *See* N.Y. Jud. Law §§ 41-47. New York has created the State Commission on Judicial Conduct to review complaints against judges, relating to the conduct, qualifications, fitness to perform, or the performance of official duties of *any judge*. *Id.* § 41(1). The governing statute is accompanied by specific regulations. N.Y. Code Comp. Code & Regs., tit. 22, § 100.2. These provisions are also reflected in the New York State Constitution, with review of the Commission's decisions in the New York Court of Appeals. N.Y. Const., Art. 6, § 22(d). This court cannot "remove" Judge Todd from presiding over plaintiff's case.

Thus, plaintiff could raise whatever misconduct claims he wishes under New York law and regulations. Where state remedies are available, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority" to the contrary. *Diamond "D" Construction Corp. v. McGowan*, 282 F.3d 191, 202 (2d Cir. 2002) (quoting *Pennzoil v. Texaco*, 481 U.S. 1, 15 (1987)). Plaintiff's conclusory claims that the court is making him do things that he cannot physically do or is forcing him to violate the criminal law are insufficient to

establish that he cannot receive a full and fair adjudication in the state court. *See Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 710 n.27 (S.D.N.Y. 2011) (conclusory allegations will not overcome the presumption that plaintiff will receive a fair adjudication in state court).

Therefore, to the extent that the plaintiff is asking for injunctive relief against the judge or is challenging the judge's orders, this court would have to abstain from asserting jurisdiction over such an action.

## V. Amendment

A pro se litigant's complaint should not be dismissed "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir.1991). In this case, plaintiff is suing an Acting Family Court Judge. Based upon the doctrines of abstention and of judicial immunity, plaintiff would be unable to amend the complaint to state a valid claim against this defendant. Thus, this court will recommend that, if this report is adopted, the court deny leave to amend.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion for IFP status (Dkt. No. 2) is **GRANTED ONLY FOR PURPOSES OF FILING THIS COMPLAINT**, and it is further

**RECOMMENDED**, that plaintiff's complaint be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii)-(iii), and it is

**RECOMMENDED**, that if the court approves this recommendation, it further

certify that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and it is

**ORDERED**, that the Clerk serve a copy of this Order upon plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Dated: May 8, 2014

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge